# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL COBB, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE COMPANIES, | : | NO. 11-7383 |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER RE:
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This case was removed from state court and Plaintiff subsequently filed an Amended Complaint in this Court (ECF No. 5). The Amended Complaint contains two counts. The first count is entitled "Breach of Contract" but describes conduct which alleges that Defendant has acted in bad faith in violation of the covenant of good faith and fair dealing. The second count is a claim for bad faith under the Pennsylvania Bad Faith statute, 42 Pa.C.S.A. § 8371. Defendant moved to dismiss the Amended Complaint (ECF No. 6). The Court has reviewed the parties' briefs and concludes that Plaintiff's Count I may go forward only as a simple breach of contract claim, alleging that Defendant failed to honor its contractual provisions under Plaintiff's insurance policy which provided uninsured motorist coverage. A Rule 16 Pretrial Scheduling conference will be held shortly to establish discovery deadlines and other dates for this claim.

The Court will dismiss without prejudice all clams in Count I alleging bad faith and failing to deal in good faith and also Count II a statutory bad faith claim. These claims are premature, until and unless Plaintiff establishes that there was a breach of contract and if so, the amount of her damages. It highly likely under Pennsylvania law that if Plaintiff is awarded damages on her contractual claim, that she will not have any further claims against Defendant. Plaintiff may be willing to wait until a resolution of her contractual claim to decide whether to

1

pursue a bad faith claim. However, if Plaintiff desires to press forward with any claims for bad faith in the interim, Plaintiff must file a Second Amended Complaint following the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. Iqbal clarified that the Supreme Court's decision in Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 555 U.S. at 684.

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 685. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The threadbare, conclusory allegations of bad faith offered by Plaintiff in the Amended Complaint are insufficient. If Plaintiff wishes to pursue a bad faith claim at this time, she must provide sufficient factual support.

In addition, the Court will strike Plaintiff's request for attorney fees from the Amended

Complaint. Defendant has argued that attorneys' fees are not recoverable in breach of contract actions and Plaintiff has provided no response whatsoever, effectively conceding the point.

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss (ECF No. 6) as outlined herein.

BY THE COURT:

Date: _____     _____
                              Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\11-7383 Cobb v. State Farm\Cobb Order MTD2 4 19 12.wpd

3